WILLIAM S. DOUGLASS *versus* SAMUEL DURIN.

Mortgages of real estate and the debts thereby secured, being, by law, assets in the hands of an administrator, a quitclaim deed by the heirs of the mortgagee, before foreclosure, will not operate as an assignment of the mortgage.

And, if the administrator be an heir and a releasee of the other heirs, his deed of quitclaim will not so operate, where he does not convey in the capacity of administrator.

EXCEPTIONS from the ruling of DAVIS, J.

This was a WRIT OF ENTRY to recover a parcel of land in Raymond.

The demandant claims under a mortgage from one Allen to William B. Douglass, who died about the year 1844, intestate. Louisa D. Johnson, Emery Douglass and the

demandant are the heirs of said deceased. The said Louisa, by deed of quitclaim, conveyed her interest to said Emery and he, by quitclaim, to the demandant. Said Emery was administrator of the said deceased but did not quitclaim in that capacity. There had been no proceedings for the purpose of foreclosing the mortgage.

The exceptions state that, "with other appropriate instructions, the presiding Judge instructed the jury that said quitclaim deed, from Emery Douglass to the plaintiff, operated as an "assignment of said mortgage."

The tenant filed also a motion to set aside the verdict as against the law and the evidence.

The questions raised by the bill of exceptions, and the motion, were argued by

*E. Douglass*, for the demandant, and by

*P. R. Hall*, for the tenant.

The opinion of the Court was drawn up by

DICKERSON, J. — Writ of entry. The demandant claims title by quitclaim deed from Emery Douglass. A deed of quitclaim, Louisa D. Johnson to Emery Douglass, and a copy of a deed of warranty, William B. Douglass and Samuel *Durin, jr.*, were put into the case by the demandant. Demandant also introduced a mortgage deed, William D. Allen to William B. Douglass, containing this description : "Two certain pieces of land in said Raymond, with the shingle mill and dwellinghouse thereon, being the same land that I have this day bought of said Douglass and Samuel *Davis, jr.*, by deed, to which reference may be had for a more particular description of said land."

The demanded premises were the same described in this mortgage.

The case does not show the date of these deeds, nor is their date material for the determination of the questions presented. William B. Douglass died some nineteen years ago. The demandant, Louisa D. Johnson and Emery Douglass,

were the sole surviving children of William B. Douglass; Emery Douglass was at the same time the administrator of said William B. Douglass.

The presiding Judge instructed the jury that the quitclaim deed from Emery Douglass to the plaintiff operated as an assignment of the mortgage, William D. Allen to William B. Douglass. The verdict was for the demandant and the tenant excepted to this ruling.

As in a writ of entry the demandant must rely upon the strength of his own title, we do not deem it necessary, under the state of the demandant's evidence, to consider the testimony introduced by the tenant.

Was the quitclaim deed of Emery Douglass to the demandant an assignment to him of the Allen mortgage?

In this State there can be no valid assignment of a mortgage of real estate by parol; it must be by deed of the party who has a right to the mortgage. This may be done by an indorsement upon the mortgage or by a separate deed. *Vose* v. *Handy*, 2 Maine, 322; *Smith* v. *Kelley*, 27 Maine, 237; *Dwinell* v. *Perley*, 32 Maine, 197; *Parsons* v. *Wells*, 17 Mass., 419.

A deed of quitclaim of the premises, in usual form, by the mortgagee to a third party, operates as an assignment of his interest as mortgagee. *Dockray & al.* v. *Noble*, 8 Maine, 278; *Dixfield* v. *Newton*, 41 Maine, 221; *Hunt* v. *Hunt*, 14 Pick., 374; *Freeman* v. *McGaw*, 15 Pick., 82.

Emery Douglass had never taken any valid assignment of the Allen mortgage, and could give no title as assignee of that mortgage. All the deed he had was a quitclaim from Louisa D. Johnson, who had no assignment of the Allen mortgage. The demandant, Emery Douglass, and Louisa D. Johnson were, it is true, the sole surviving children of William B. Douglass, the mortgagee, but there does not appear to have been any foreclosure of the mortgage or distribution of his estate among his heirs, and the mortgage and mortgage notes being assets in the hands of his administrator, the demandant could not maintain this action, as

heir, and grantee of the other heirs of the mortgagee, even if he had brought this action in that capacity. But this action is brought upon a mortgage, and the only ground upon which it can be maintained is upon proof that Emery Douglass gave his quitclaim deed to the demandant, in his capacity as administrator of William B. Douglass. Under the Massachusetts statute of 1789, very similar to our statutes, which makes mortgaged lands, and the debts secured thereby, assets in the hands of the administrator, it has been held, that a quitclaim deed of the administrator of a mortgagee operates as an assignment of the mortgage. *Crocker* v. *Jewell*, 31 Maine, 306.

The case, however, shows that, in executing his deed to the demandant, Emery Douglass acted in his private capacity. His conduct, in first acquiring the claim of Louisa D. Johnson, one of the heirs of the mortgagee, is perfectly consistent with this fact. If he had claimed to act as administrator of the mortgagee, he would have had no occasion to do this. The demandant, too, seems to have acted upon the theory that the demanded premises descended to the heirs like unincumbered real estate, and not to have claimed title from Emery Douglass, as administrator of the mortgagee, otherwise he would have taken an administrator's deed, if, indeed, Emery Douglass was administrator of William B. Douglass when he deeded to the demandant, which is by no means rendered certain by the evidence reported.

As the verdict must be set aside, we have no occasion to consider the other branch of the exceptions, or the motion to set aside the verdict as against evidence.

*Exceptions sustained and verdict set aside.*

APPLETON, C. J., DAVIS, KENT and WALTON, JJ., concurred.